**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Telephone Science Corporation, | Case No. Case No. 15-cv-05182 |
| Plaintiff, | U.S. District Judge: Honorable Amy J. St. Eve |
| v. | |
| Asset Recovery Solutions, LLC, | **PLAINTIFF'S MEMORANDUM ADDRESSING DEFENDANT'S SUPPLEMENTAL BRIEF** |
| Defendant. | |

Plaintiff, Telephone Science Corporation ("TSC"), by and through its attorneys, Hyslip & Taylor, LLC, LPA, respectfully submits the following memorandum addressing the supplemental brief filed by Defendant, Asset Recovery Solutions, LLC ("ARS") [Doc. No. 60].

**I.     INTRODUCTION**

On November 20, 2015, the Court in *Telephone Science Corporation v. Hilton Grand Vacations Co., LLC*, 15-cv-969 (M.D. Fla., filed June 12, 2015) (*TSC v. Hilton*) granted the defendant's motion to stay the proceedings pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339). The defendant's motion to stay in *TSC v. Hilton* was substantially similar to ARS's motion to stay in the instant case, although the briefs and arguments in this case have gone beyond what was filed in *TSC v. Hilton*.

TSC does not quarrel with ARS's submission of a supplemental brief that brings to this Court's attention the recent stay of proceedings in *TSC v. Hilton*. Indeed, TSC would have done the same thing if a contrary ruling had been issued in that case. Nevertheless, TSC submits this memorandum to address the ruling in *TSC v. Hilton* because TSC believes the court's reasoning in that case is inconsistent with the language of the Telephone Consumer Protection Act ("TCPA"),

1

47 U.S.C. § 227. TSC also maintains that the ruling in *TSC v. Hilton* is at odds with case law establishing that a plaintiff is not required to show an independent "injury-in-fact" for each and every call that a robocaller placed in violation of the TCPA in order to establish Article III standing. Instead, a ***trifle*** of injury – demonstrated by the loss of a single cellular airtime minute – suffices to establish jurisdiction over a TCPA claim and will support statutory damages based, in part, on unanswered calls for which the plaintiff incurred no expense and did not lose any cellular airtime minutes.

## II. ARGUMENT

### A. The *TSC v. Hilton* Court's Reasoning for Staying the Proceedings Pending a Resolution in *Spokeo*.

In *TSC v. Hilton*, the court explained its reason for staying the proceedings pending a resolution in *Spokeo* as follows:

> [TSC's] argument fails to consider that standing "cannot be dispensed in gross." [I.L. v. Alabama, 739 F.3d 1273, 1279 (11th Cir. 2014)] (quotation omitted). Assuming that the alleged out-of-pocket expenses confer standing to challenge the expense-inducing calls, such a result would say nothing about whether standing exists to challenge the expense-free calls. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." (*quoting DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). In the least, Telephone Science makes no attempt to show how an injury flowing from one set of calls operates to confer standing as to another set of calls, where no such injury resulted. *See* [*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)] (noting that the resulting injury must be "particularized" and "actual"). In the absence of such a showing, it appears that the latter set of calls is grounded solely in technical violations of the TCPA. Whether such allegations are sufficient under Article III is at issue in *Spokeo*.

(*See TSC v. Hilton* Order, Doc. No. 60-1, pp. 4-5.) According to the *TSC v. Hilton* court, each violation of the TCPA by a robocaller gives rise to a separate TCPA claim that must be supported by a separate and independent injury in fact. In other words, if a robocaller places one hundred (100) calls in violation of the TCPA, the called party has one hundred (100) separate and independent claims, each of which must result in some sort of cost or other injury to the called

party. Such a ruling is inconsistent with the language of the TCPA and the well-reasoned case law, which establishes that a TCPA plaintiff is permitted to bring a single action seeking two (2) forms of relief (*i.e.*, statutory damages and/or an injunction) based on ***all*** calls that the robocaller placed in violation of the TCPA.[1]

> **B.** **The Language of the TCPA Demonstrates that Congress Intended to Grant a *Single* Private Right of Action in which the Plaintiff May Recover Damages for Each Violation of the Statute.**

The applicable "Private Right of Action" provision of the TCPA states:

PRIVATE RIGHT OF ACTION. – A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

> (A) ***an*** action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) ***an*** action to recover for actual monetary loss from such a violation, or to receive ***$500 in damages for each such violation***, whichever is greater, or
>
> (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

---

[1] TSC also maintains that the *TSC v. Hilton* court's ruling is contrary to established Eleventh Circuit precedent, which holds "'[T]he grant of certiorari on an issue does not suggest a view on the merits. We don't know how the Supreme Court is going to decide the issues on which it has granted review in the *Baze* case, and the Supreme Court probably does not know given the fact that briefing has not even been completed in that case.' *Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1299 (11th Cir. 2007); *see also Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (stating that '[o]ur decision in *Schwab* is the latest in a long line of cases refusing to assign precedential significance to grants of certiorari.') (citations omitted)." *Speer v. Whole Food Market Grp., Inc.*, 2015 U.S. Dist. LEXIS 57783 (M.D. Fla. Apr. 29, 2015) (denying a motion to stay proceedings pending a resolution of *Spokeo*). As *Speer* demonstrates, the *TSC v. Hilton* ruling does not even reflect the majority rule within the District Court for the Middle District of Florida. TSC, however, is not relying on *Speer* to deny ARS's motion to stay. Instead, TSC asks this Court to deny ARS's motion to stay based on the TCPA case law cited in this memorandum and the other memoranda TSC has filed in opposition to ARS's motion to stay.

47 U.S.C. § 227(b)(3) (emphases added). The foregoing "Private Right of Action" provision does not grant a separate private right of action for "each violation of the statute." Instead, it grants a ***single*** private right of action in which the plaintiff may recover statutory damages in the amount of $500 ***for each violation*** of the statute by the robocaller. If Congress had intended a "one action per one violation" statutory scheme, it could have easily written one. Yet Congress chose to create a single right of action in which the plaintiff could recover damages for ***all*** violations of the Act.

      **C.**      **The Case Law of this Court and Other Courts Establish that Unanswered Calls Count in Determining the Statutory Damages a TCPA Plaintiff May Recover.**

The conduct the TCPA seeks to deter is the act of ***making*** the illegal robocall, "regardless of whether the call was answered by a person, a machine, or not at all." *See King v. Time Warner Cable*, 2015 U.S. Dist. LEXIS 88044, *12 (S.D.N.Y. July 7, 2015); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) ("call…is defined as 'to communicate with or ***try to get into communication with*** a person by telephone.'") (emphasis added); *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 720 (S.D.N.Y. 2013) ("[F]or purposes of Plaintiffs' TCPA claim, it is immaterial whether the Plaintiffs picked up all of Defendants' calls or whether several calls went unanswered"). For this reason, courts have made clear that "unanswered calls count" in determining the amount of statutory damages a defendant that repeatedly violated the TCPA will be required to pay. *See King*, 2015 U.S. Dist. LEXIS 88044, at *12.

The Seventh Circuit and this Court have repeatedly held that a TCPA plaintiff may bring a claim and recover statutory damages based on unanswered calls. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) (referring to the "out of pocket" cost of cellular airtime minutes resulting from the plaintiff having to listen to voice messages from unanswered calls); *Torres v. National Enterprise Syst., Inc.*, 2012 U.S. Dist. LEXIS 110514, (N.D. Ill. 2012) (Der-Yeghiayan, J.) (use of cellular airtime minutes to listen to voice messages creates

4

Article III standing); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 U.S. Dist. LEXIS 112795, *9-10 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.) (noting that unanswered calls can deplete limited cellular airtime minutes and that "even where wireless subscribers purchase a large 'bucket' of minutes at a fixed rate, the 'bucket' could be exceeded more quickly if consumers receive numerous unwanted calls"). None of these cases stands for the proposition that a plaintiff must establish independent Article III standing for each robocall to be included in the plaintiff's claim.

Consider a defendant that placed two (2) illegal robocalls to the plaintiff's cell phone resulting in two (2) brief voice messages. Under the *TSC v. Hilton* reasoning, if the plaintiff used only one (1) cellular airtime minute to check both voice messages, that plaintiff would only be able to include one of the illegal robocalls in its claim because the second robocall would not have caused the plaintiff to incur a cost or lose a cellular airtime minute. In contrast, if the plaintiff used one (1) cellular airtime minute to check the first message and later used an additional cellular airtime minute to check the second message, that plaintiff would be able to bring a claim based on both illegal robocalls. The TCPA, however, seeks to deter future misconduct based on the number of violations the defendant committed, not the magnitude of injury incurred.

In *Beal v. Wyndham Vacation Resorts, Inc.*, 965 F. Supp. 2d 962 (W.D. Wis. 2013), the defendant had placed a total of twenty-seven (27) robocalls to the plaintiff after she had revoked her consent to be called. *Id.*, at 979-80. None of those twenty-seven (27) calls were answered, and only two (2) of the calls resulted in voice messages. *Id.*, at 967. Nevertheless, the Western District of Wisconsin – a sister court within the Seventh Circuit – awarded the plaintiff statutory damages based on **all** twenty-seven (27) calls the defendant had placed in violation of the TCPA. *Id.*, at 980.

Similarly, in *King*, *supra*, the defendant placed one hundred fifty-three (153) illegal robocalls to the plaintiff, only seventy (70) of which resulted in voice messages. *King*, 2015 U.S.

Dist. LEXIS 88044, at *4-5. The defendant argued that the plaintiff could not recover damages for the ninety-three (93) unanswered calls that did not result in voice messages because the plaintiff suffered no actual harm from those calls. *Id.*, at *5. The *King* court rejected that argument and held that the plaintiff was entitled to statutory damages based on *all* one hundred fifty-three (153) illegal calls. *Id.*, at *20 (awarding $229,500 to plaintiff).

The plaintiffs in *Beal* and *King* did not incur any costs or use any cellular airtime minutes as a result of the unanswered calls for which no messages were left. They were simply missed calls – nothing more. The courts in those cases, however, recognized that the TCPA authorizes statutory damages of $500 to $1,500 for *each* violation, which includes all unanswered calls that the defendants *made* in violation of the statute.

> **D.** **By Its Own Wording, the Issue Certified in *Spokeo* Does Not Apply to TSC's Action against ARS, which Involves an Identifiable Injury-in-Fact and Is Not Based Solely on a Bare Violation of the TCPA.**

The issue to be resolved in *Spokeo* is:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

Pet. Writ of Cert. at i, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. May 1, 2014); Br. of Pet'r at i, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. July 2, 2015). By its own wording, the issue in *Spokeo* is limited to "*a* private right of action" that is "based on *a bare violation* of a federal statute" where the plaintiff has suffered "*no* concrete harm." That is not the issue presented in this case.

As stated above, the TCPA authorizes "*an* action" in which the plaintiff can recover for "*each*" violation of the statute. The instant action involves an injury-in-fact in the form of per-minute charges that TSC incurred as a direct result of ARS's answered calls. Those calls provide the trifle of injury required by Article III to support this single action in which TSC may recover

statutory damages for *each* of ARS's TCPA violations.  Those violations include ARS's unanswered robocalls.

## III.     CONCLUSION

For the foregoing reasons, TSC respectfully asks this Court to deny ARS's motion to stay and allow this case to proceed.

>                                    RESPECTFULLY SUBMITTED,
>
>                                    Hyslip & Taylor, LLC LPA

Date: November 30, 2015                    By:     */s/ David M. Menditto*
                                                   One of Plaintiff's Attorneys

David M. Menditto
Illinois Bar No. 6216541
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Telephone: (312) 380-6110
Facsimile: (312) 361-3509
Email: davidm@fairdebt411.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 30, 2015, I filed the foregoing Plaintiff's Memorandum Addressing Defendant's Supplemental Brief through the Court's electronic filing system and thereby served counsel of record as follows:

    Dara Chevlin Tarkowski
    Catherine A. Miller
    Julian Dayal
    Akerman LLP
    71 S. Wacker Drive
    46th Floor
    Chicago, IL 60606
    dara.tarkowski@akerman.com
    catherine.miller@akerman.com
    julian.dayal@akerman.com

                                                                   */s/ David M. Menditto*