UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Telephone Science Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Asset Recovery Solutions, LLC,<br><br>Defendant. | Case No. Case No. 15-cv-05182<br><br>U.S. District Judge:<br>  Honorable Amy J. St. Eve<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF AARON FOSS** |

Plaintiff, Telephone Science Corporation ("TSC"), by and through its attorneys, Hyslip & Taylor, LLC, LPA, respectfully asks the Court to enter an order granting TSC leave to file a supplemental declaration of Aaron Foss in support of TSC's response memorandum [Doc. 94] in opposition to the Rule 12(b)(1) motion to dismiss [Doc. 81] filed by Defendant, Asset Recovery Solutions, LLC ("ARS"). In support of this motion, TSC states:

1. On March 1, 2016, ARS filed a Rule 12(b)(1) motion to dismiss [Doc. 81] (the "Rule 12(b)(1) Motion"). In that motion (and its supporting memorandum), ARS argues that it has raised a factual challenge, as opposed to a facial challenge, to Article III jurisdiction in this case.

2. On March 23, 2016, TSC filed its response memorandum in opposition to the Rule 12(b)(1) Motion. In support of that opposition memorandum, TSC filed, among other things, the declaration of Aaron Foss [Doc. 94-2].

3. In the declaration of Aaron Foss [94-2], Mr. Foss states that he is the founder of TSC and that his statements in that declaration are true and correct and made under penalty of perjury.

4. On April 9, 2016, TSC attempted to further bolster its opposition to the Rule 12(b)(1) Motion by seeking leave to file a supplemental declaration of TSC's counsel, David M.

1

Menditto [Doc. 96] (to which a letter from TSC's voice over Internet protocol ("VoIP") service provider, Twilio, Inc., was attached).

5. On April 20, 2016, the Court denied TSC's motion for leave to file a supplemental declaration of David M. Menditto, stating:

> First, TSC cannot claim surprise by ARS's factual challenge to Article III standing. ARS previously sought and received jurisdictional discovery for this very purpose. (R.28). Second, TSC itself argues that it "has already produced sufficient evidence" to satisfy its burden against a Rule 12(b)(1) factual challenge. TSC does not demonstrate a need for the Twilio Letter warranting its belated introduction. Third, and relatedly, the Twilio Letter does not actually link any charge to any ARS number.1 Rather, the Twilio Letter outlines the "total number of answered minutes" and "total per-minute charges" for TSC for the months May 2015 through January 2016, in addition to explaining that, for each answered minute, Twilio invoiced TSC a per-minute charge of $0.0075. This information is already reflected in the Declaration of Aaron Foss, submitted as part of TSC's opposition filing. (See R.94-2 at ¶¶ 8-19). Finally, TSC submits the Twilio Letter by way of an attachment to the declaration of an individual without personal knowledge, contrary to Federal Rule of Evidence 602. For these reasons, the Court denies TSC's motion.

(*See* April 20, 2016 Order, Doc. 102.) TSC is not challenging that ruling.

6. On April 27, 2016, ARS filed its reply in support of its Rule 12(b)(1) Motion. In this reply, ARS argues that the March 23, 2016, Declaration of Aaron Foss [Doc. 94-2] fails to comply with Rule 602 of the Federal Rules of Evidence because it does not contain the magic words, "based on personal knowledge."

7. This is the first time ARS has challenged any of the declarations of Aaron Foss that have been filed in this case on the basis that they fail to comply with Rule 602. Prior to April 27, 2016, ARS had simply addressed the substance of Mr. Foss's declarations, rather than arguing they failed to comply with Rule 602.

8. Courts have established that a declaration or affidavit need not include the words, "based on personal knowledge," in order to comply with Rule 602. Instead, where evidence in the record supports a reasonable inference that the declaration or affidavit is based on the declarant's or affiant's personal knowledge, Rule 602 is satisfied. *See Blue v. The Chubb Grp.*, 2005 U.S. Dist.

LEXIS 14253, *37 n.15 (N.D. Ill. July 13, 2005) ("Based on Nelson's experience as Northern Zone Workers' Compensation Manager and Midwest Workers' Compensation Manager for Chubb, the Court can reasonably infer that [the declarant] has sufficient personal knowledge to testify that 'Chubb never receives claims from the vast majority of workers covered by a Chubb workers' compensation insurance policy.' ***The declaration need not contain an express recital stating that Nelson is competent to testify about the facts contained therein***.") (emphasis added); *Miller v. Heritage Prod., Inc.*, 2004 U.S. Dist. LEXIS 8531, *9 (S.D. Ind. Apr. 21, 2004) ("Based on [the affiant's] experience as a press operator at [Defendant], the court can infer that he has sufficient personal knowledge to testify to the frequency with which all press operators actually rotated responsibilities.")

9. In the instant case, there is sufficient evidence in the record from which the Court may reasonably infer that Mr. Foss's declaration is based on personal knowledge. The declaration itself indicates that Mr. Foss is the founder of TSC and that the statements in his declaration are true and correct and made under penalty of perjury. Mr. Foss developed the Nomorobo service that TSC provides to the public and acquired the telephone numbers used to gather data for the purpose of optimizing that service. In addition, Mr. Foss signed the VoIP service agreement with Twilio, Inc., which provides the basis for the per-minute charges TSC has incurred. The record also indicates that Mr. Foss regularly works with federal agencies and has repeatedly been called to testify before Congress regarding TSC's business and the Nomorobo service it offers. All of this evidence is in the record and provides the Court with a reasonable basis from which to infer that the statements in Mr. Foss's declaration [Doc. 94-2] are based on his personal knowledge.

10. The numerous briefs filed by ARS in this case further belie ARS's challenge to Mr. Foss's declaration. Throughout this litigation, ARS has repeatedly cited quotes attributed to Aaron

Foss as authoritative evidence regarding how TSC operates its business. ARS has also cited Mr. Foss's testimony before Congress for this purpose. Given this, it is disingenuous for ARS to now suggest that Mr. Foss may not have personal knowledge about the matters included in his declaration [Doc. 92-4]. ARS knows that Aaron Foss is the single person most knowledgeable about TSC's business. If ARS truly questioned this, ARS would not rely so heavily on statements and testimony attributed to Mr. Foss in virtually every brief ARS has filed in this case.

11. In addition, it should be noted that on September 18, 2015, ARS filed a motion to compel [Doc 39], which attached TSC's *verified* responses to written interrogatories as "Exhibit D" [Doc. 39-4]. Those verified interrogatory responses are signed by Aaron Foss based on his "*knowledge* and belief." In those responses, Mr. Foss explains the per-minute charges TSC incurred and paid as a result of ARS's robocalls. Mr. Foss also states, "Plaintiff has provided evidence, and intends to provide additional evidence as stated herein, indicating that Plaintiff was invoiced and paid for charges resulting from Defendant's calls to Plaintiff's telephone numbers." These verified statements – which ARS put in the record – provide the Court with an additional basis on which to infer that the statements made in Mr. Foss's declaration [Doc. 94-2] are based on his personal knowledge.

12. Although TSC maintains there is sufficient evidence from which the Court can reasonably infer that Aaron Foss's declaration [Doc. 94-2] is based on personal knowledge, TSC wishes to avoid wasting judicial resources on this debate.

13. Accordingly, TSC moves the Court for leave to file an amended declaration of Aaron Foss, which is identical in all substantive respects to his March 23, 2016, declaration, except that Paragraph 1 now reads, "I am the founder of Telephone Science Corporation ('TSC') and have

<u>personal knowledge of the matters declared herein</u>." The underlined words in the preceding quoted language are the only substantive changes to Mr. Foss's declaration [Doc. 94-2].

14. A copy of the Amended Declaration of Aaron Foss is being filed contemporaneously with this motion.

15. The relief sought in this motion does not change the evidence currently in the record in any way. Instead, it simply further confirms what ARS already knows, which is that the statements made in Aaron Foss's March 23, 2016, declaration are based on his personal knowledge.

## CONCLUSION

For the foregoing reasons, TSC respectfully asks this Court to enter an order granting TSC leave to file the amended declaration of Aaron Foss in support of TSC's memorandum in opposition to ARS's Rule 12(b)(1) motion to dismiss.

                                            RESPECTFULLY SUBMITTED,

                                            Hyslip & Taylor, LLC LPA

Date: April 28, 2016                      By:  */s/ David M. Menditto*
                                                     One of Plaintiff's Attorneys

David M. Menditto
Illinois Bar No. 6216541
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Telephone: (312) 380-6110
Facsimile: (312) 361-3509
Email: davidm@fairdebt411.com

## CERTIFICATE OF SERVICE

  I hereby certify that on April 28, 2016, I filed the foregoing Plaintiff's Motion for Leave to File Amended Declaration of Aaron Foss through the Court's electronic filing system and thereby served counsel of record as follows:

Dara Chevlin Tarkowski
Catherine A. Miller
Julian Dayal
Akerman LLP
71 S. Wacker Drive
46th Floor
Chicago, IL 60606
dara.tarkowski@akerman.com
catherine.miller@akerman.com
julian.dayal@akerman.com

                */s/ David M. Menditto*